UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Djamilla Cochran,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>Dipset Couture LLC, Cameron E. Giles a/k/a Cam'ron, and Triangulo Swag LLC,<br><br>　　　　　Defendants. | Case No:<br><br>**COMPLAINT** |

Plaintiff Djamilla Cochran ("*Plaintiff*"), located at P.O. Box 1886 Agiou Georgiou 3, Agria Magnesia 37300 Greece, by and through her undersigned counsel, for her Complaint against Defendant Dipset Couture LLC, with a principal place of business at 24 Commerce Street, Suite 1002, Newark, New Jersey 07102, Defendant Cameron E. Giles a/k/a Cam'ron, with a principal place of business at 24 Commerce Street, Suite 1002, Newark, New Jersey 07102, and Defendant Triangulo Swag LLC, with a principal place of business at 271 Wagenen Avenue, Jersey City, New Jersey 07601 (hereinafter collectively "*Defendants*"), states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Plaintiff created a photograph of musician Cameron E. Giles a/k/a

1

Cam'ron wearing a pink jacket and headwear at the Mercedes-Benz Fashion Week Show in New York (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant Dipset Couture LLC is an apparel company which owns and operates a website at URL: dipsetcouture.us (the "*Website*").

4. Defendant Cameron E. Giles a/k/a Cam'ron owns and operates a social media account on Instagram at www.instagram.com with the name "mr_camron" ("*IG Account*").

5. Defendant Triangulo Swag LLC owns and operates a social media account on Facebook at www.facebook.com with the name "@dipsetcouture97" ("*FB Account*").

6. Defendants collectively produce and sell merchandise including but not limited to apparel, jewelry, and home goods.

7. Defendant Dipset Couture LLC, without permission or authorization from Plaintiff, actively copied and displayed the Photograph on the Website as part of various product listings ("*Merchandise Listings*") and engaged in this misconduct knowingly and in violation of the United States copyright laws.

8. Defendant Cameron E. Giles a/k/a Cam'ron, without permission or authorization from Plaintiff, actively copied and displayed the Photograph on IG Account in promotion of Defendants' products including but not limited to the

Merchandise Listings and engaged in this misconduct knowingly and in violation of the United States copyright laws.

9. Defendant Triangulo Swag LLC without permission or authorization from Plaintiff, actively copied and displayed the Photograph on FB Account in promotion of Defendants' products including but not limited to the Merchandise Listings and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

10. Plaintiff Djamilla Cochran is an individual who is a citizen of Greece and who resides in Agria Magnesia, Greece.

11. Defendant Dipset Couture LLC is a New Jersey limited liability company with a principal place of business at 24 Commerce Street, Suite 1002 in Newark, New Jersey.

12. Defendant Cameron E. Giles a/k/a Cam'ron is a citizen of New Jersey and who resides in North Brunswick Township, New Jersey.

13. Defendant Triangulo Swag LLC is a New Jersey limited liability company with a principal place of business at 271 Van Wagenen Avenue in Jersey City, New Jersey.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over the federal copyright

infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

15. This Court has personal jurisdiction over Defendant Dipset Couture LLC because it maintains its principal place of business in New Jersey.

16. This Court has personal jurisdiction over Defendant Cameron E. Giles p/k/a Cam'ron because he is domiciled in New Jersey.

17. This Court has personal jurisdiction over Defendant Triangulo Swag LLC because it maintains its principal place of business in New Jersey.

18. Venue is proper under 28 U.S.C. §1391(a)(2) because Defendants do business and/or reside in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.**   **Plaintiff's Copyright Ownership**

19. Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

20. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

21. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

22. Plaintiff's photographs are original, creative works in which Plaintiff

4

owns protectable copyright interests.

23. On February 13, 2003, Plaintiff authored the Photograph. A copy of the Photograph is attached hereto as <u>Exhibit 1</u>.

24. In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image.

25. On November 28, 2022, the Photograph was registered by USCO under Registration No. VA 2-331-926.

26. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

27. Plaintiff published the Photograph by submitting it to Getty Images, a visual media company, for the purpose of commercial licensing.

**B.    Defendants' Infringing Activity**

28. Upon information and belief, Defendant Dipset Couture LLC is the registered owner of the Website and is responsible for its content.

29. Upon information and belief, Defendant Dipset Couture LLC is the operator of the Website and is responsible for its content.

30. The Website is a key component of Defendant Dipset Couture LLC's popular and lucrative commercial enterprise.

31. The Website is monetized in that sells merchandise to the public and,

upon information and belief, Defendant Dipset Couture LLC profits from these activities.

32. IG Account is associated with Defendant Cameron E. Giles a/k/a Cam'ron.

33. Defendant Cameron E. Giles a/k/a Cam'ron has exclusive access to post content on Defendant's IG Account.

34. Defendant Cameron E. Giles a/k/a Cam'ron uses IG Account to promote his brand and business interests which include promotion of associated merchandise including but not limited to the Merchandise Listings.

35. The FB Account is associated with Defendant Triangulo Swag LLC.

36. Defendant Triangulo Swag LLC has exclusive access to post content on Defendant's FB Accounnt.

37. Defendant Triangulo Swag LLC uses FB Account to promote the merchandise it sells to the broader public including but not limited to the Merchandise Listings.

38. Defendants collectively displayed the Photograph on the Website as well as on IG Account and FB Account (hereinafter collectively "*Accounts*") on a number of apparel and accessory items in additional to various home goods for purchase.

39. In furtherance of Defendants' commercial activities, Defendant Dipset

Couture LLC displayed the Photograph in the Merchandise Listings on the Website. Copies of the screengrabs of the Merchandise Listings on the Website including the Photograph are attached hereto collectively as Exhibit 2 (*Exhibit 2-Infringement #1-4*).

40. In furtherance of Defendants' commercial activities, Defendant Cameron E. Giles a/k/a Cam'ron displayed the Photograph on IG Account promoting not only the Merchandise Listings, but various products produced and sold by Defendants. Copies of the screengrabs of IG Account including the Photograph are attached hereto collectively as Exhibit 2 (*Exhibit 2-Infringement #5-29*).

41. In furtherance of Defendants' commercial activities, Defendant Triangulo Swag LLC displayed the Photograph on FB Account promoting not only the Merchandise Listings, but various products produced and sold by Defendants. Copies of the screengrabs of FB Account including the Photograph are attached hereto collectively as Exhibit 2 (*Exhibit 2-Infringement #30-33*).

42. Without permission or authorization from Plaintiff, Defendants volitionally copied and/or displayed Plaintiff's copyright protected Photograph on the Website and Accounts.

43. Upon information and belief, the Photograph was copied and included on merchandise and apparel manufactured and sold by Defendants without license

or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringements*").

44. The Infringements, in part, are depicted at various URLs ("*Uniform Resource Locator*") for a fixed tangible medium of expression that were sufficiently permanent or stable to permit them to be communicated for a period of more than a transitory duration and therefore constitute a specific infringement. *17 U.S.C. §106(5).*

45. The Infringements are substantially similar or identical copies of Plaintiff's original image that was directly copied by Defendants.

46. Upon information and belief, the Photograph was willfully and volitionally used by Defendants.

47. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendants cannot claim that they was not aware of the infringing activities, including the Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendants.

48. Upon information and belief, Defendants engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

49. Upon information and belief, Getty Images notified Defendants of their infringing activities by mail and email on multiple occasions. Despite those notifications, Defendants continued to sell merchandise which included the Photograph and continued to display the Photograph on Website and Accounts.

50. Defendants' continuing infringement of the Photograph despite notification from Getty Images dispositively demonstrates the willful nature of Defendants' infringement.

51. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website and Accounts and on Defendants' merchandise and apparel.

52. Upon information and belief, Defendants at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

53. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

54. Defendants' use of the Photograph harmed the actual market for the Photograph.

55. As a result of Defendants' misconduct, Plaintiff has been substantially harmed.

### FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

56. Plaintiff repeats and incorporates by reference the allegations contained

in the preceding paragraphs, as though set forth in full herein.

57. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

58. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

59. Plaintiff has not granted Defendant Dipset Couture LLC a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant Dipset Couture LLC.

60. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant Dipset Couture LLC improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

61. Defendant Dipset Couture LLC's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

62. Upon information and belief, Defendant Dipset Couture LLC willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant Dipset Couture LLC used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit,

Plaintiff's original and unique Photograph without Plaintiff's consent or authority, by using it on the Website.

63. As a result of Defendant Dipset Couture LLC's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant Dipset Couture LLC's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

64. As a result of the Defendant Dipset Couture LLC's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant Dipset Couture LLC.

65. As a result of Defendant Dipset Couture LLC's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## SECOND COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

66. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

67. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

68. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

69. Plaintiff has not granted Defendant Cameron E. Giles a/k/a Cam'ron a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant Cameron E. Giles a/k/a Cam'ron.

70. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant Cameron E. Giles a/k/a Cam'ron improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

71. Defendant Cameron E. Giles a/k/a Cam'ron's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

72. Upon information and belief, Defendant Cameron E. Giles a/k/a Cam'ron willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant Cameron E. Giles a/k/a Cam'ron used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's

consent or authority, by using it on IG Account.

73. As a result of Defendant Cameron E. Giles a/k/a Cam'ron's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant Cameron E. Giles a/k/a Cam'ron's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

74. As a result of the Defendant Cameron E. Giles a/k/a Cam'ron's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant Cameron E. Giles a/k/a Cam'ron.

75. As a result of Defendant Cameron E. Giles a/k/a Cam'ron's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

### THIRD COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

76. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

77. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

78. The Photograph is properly registered with the USCO and Plaintiff has

complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

79. Plaintiff has not granted Defendant Triangulo Swag LLC a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant Triangulo Swag LLC.

80. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant Triangulo Swag LLC improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

81. Defendant Triangulo Swag LLC's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

82. Upon information and belief, Defendant Triangulo Swag LLC willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant Triangulo Swag LLC used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority, by using it on FB Account.

83. As a result of Defendant Triangulo Swag LLC's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and

disgorgement of all of Defendant Triangulo Swag LLC's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

84. As a result of the Defendant Triangulo Swag LLC's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant Triangulo Swag LLC.

85. As a result of Defendant Triangulo Swag LLC's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

86. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendants have infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a. finding that Defendants infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a

      license or consent;

b.     for an award of actual damages and disgorgement of all of Defendants' profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.     for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works;

d.     for costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505;

e.     for pre-judgment interest as permitted by law; and

f.     for any other relief the Court deems just and proper.

DATED: April 11, 2023

                                 **SANDERS LAW GROUP**

                                 By:   */s/ Craig Sanders*
                                 Craig Sanders, Esq.
                                 333 Earle Ovington Blvd, Suite 402
                                 Uniondale, NY 11553
                                 Tel: (516) 203-7600
                                 Email: csanders@sanderslaw.group
                                 File No.: 127255

                                 *Attorneys for Plaintiff*