UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DJAMILLA COCHRAN,

    **Plaintiff,**

v.

DIPSET COUTURE LLC, CAMERON E. GILES a/k/a CAM'RON, and TRIANGULO SWAG LLC,

    **Defendants.**

Civ. No. 2:23-CV-02037 (WJM)

OPINION

## WILLIAM J. MARTINI, U.S.D.J.

Djamilla Cochran, ("Plaintiff") initiated this copyright infringement action against defendants Dipset Couture LLC ("Dipset"), Cameron E. Giles ("Cam'ron"), and Triangulo Swag LLC ("Triangulo") (collectively "Defendants") under the Copyright Act, 17 U.S.C. §101. Plaintiff filed this instant motion for default judgment (the "Motion") pursuant to Federal Rule of Civil Procedure 55(b)(2). The Court decides the matter without oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's motion for default judgement is **GRANTED**.

### I. BACKGROUND

Plaintiff is a professional photographer residing in Greece. Compl. ¶¶ 10, 19, ECF No. 1. Defendant Dipset is an apparel company which owns and operates a website at URL: dipsetcouture.us. *Id.* at ¶ 3. Defendant Cam'ron is a musician and Defendant Triangulo owns and operates a social media account on Facebook with the name "@dipsetcouture97." *Id.* at ¶¶ 4-5. On February 13, 2003, Plaintiff captured a photograph of Defendant Cam'ron wearing a pink jacket and headwear at the Mercedes-Benz Fashion Week show in New York (the "Photograph"). *Id.* at ¶¶ 2, 23; Ex. 1. In creating the photograph, Plaintiff selected the "subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image." *Id.* at ¶ 24. On November 28, 2022, Plaintiff obtained an active and valid copyright registration[1] from the United States Copyright Office ("USCO") for the Photograph of Defendant Cam'ron. *Id.* at ¶¶ 21, 25. Plaintiff published and submitted the Photograph to Getty Images for the purpose of commercial licensing. *Id.* at ¶ 27. Getty Images provides a licensing fee for the Photograph for retail product usage in the amount of $5,790.00. Mot. for

---

[1] The Photograph was registered by USCO under Registration No. VA 2-331-926. *Id.* at ¶ 25.

Default Judgment, Cochran Declaration at ¶ 28, ECF No. 12-2. Plaintiff alleges that Defendants, via Instagram and Facebook accounts, as well as a website, began listing merchandise such as apparel, jewelry, and home goods with the alleged copyrighted Photograph displayed. *Id.* at ¶ 6. Defendant Cam'ron copied and displayed the merchandise with the Photograph on Instagram in promotion of the products. *Id.* at ¶ 8. Defendant Triangulo similarly promoted the allegedly infringed copyrighted merchandise on its Facebook account. *Id.* at ¶ 9. Plaintiff alleges that Getty Images notified the Defendants of their infringing activities by mail and email on multiple occasions and Defendants continued to sell the merchandise. *Id.* at ¶ 49.

On April 11, 2023, Plaintiff filed a three-count complaint against Defendants. ECF No. 1. Count One alleges Defendant Dipset violated 17 U.S.C. §501 by directly infringing on Plaintiff's copyrighted Photograph through publishing and posting the Photograph for commercial benefit without Plaintiff's consent or authority. *Id.* at ¶¶ 56-65. Count Two similarly alleges Defendant Cam'ron violated 17 U.S.C. § 501 by directly infringing on Plaintiff's copyrighted Photograph through similar means. *Id.* at ¶¶ 66-75. Lastly, Count Three alleges Defendant Triangulo violated 17 U.S.C. § 501 by directly infringing on Plaintiff's copyrighted Photograph. *Id.* at ¶¶ 75-85. Plaintiff has produced 30 infringing displays and products made by the Defendants. On July 7, 2023, Plaintiff made a motion for alternative service of process. ECF No. 4. On July 13, 2023, this Court granted Plaintiff's motion for alternative service of process after finding Plaintiff engaged in diligent efforts in attempting to locate and serve Defendants. *See* ECF No. 5. Plaintiff was authorized to serve the Defendants via email with the associated Instagram and Facebook accounts, which Plaintiff did on August 8, 2023. *See* ECF Nos. 5-8. On September 19, 2023, Plaintiff filed a request for default, which the Clerk entered. *See* ECF No. 9. On December 9, 2023, Plaintiff filed this present motion for default judgment. ECF No. 12. Presently, Defendants have neither appeared in this action nor replied to the complaint, summons, or motions in this matter. Plaintiff asks this Court to award statutory damages in the amount of $57,900.00 and attorneys' fees and costs in the amount of $10,691.50. Motion at 9, 15, ECF No. 12.

## II.   DISCUSSION

Fed. R. Civ. P. 55(b) "authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J, 2008). Here, Defendants were properly served on August 8, 2023 with a copy of the summons, complaint, and civil cover sheet via electronic mail. *See* ECF Nos. 6-8; N. J. R. 4:4-4 (b)(3). Before the Court grants a motion for default judgment, however, it must ensure, *inter alia*, (1) that personal jurisdiction exists over the Defendants and (2) "that entry of default under Rule 55(a) was appropriate." *Gov't Emples. Ins. Co. v. Pennsauken Spine & Rehab P.C.*, 17-cv-11727, 2018 U.S. Dist. LEXIS 131529, 2018 WL 3727369, at *2 (D.N.J. Aug. 6, 2018). Where the Court has jurisdiction, because the entry of default judgment prevents a decision on the merits, the mere fact of default does not entitle a plaintiff to judgment. Rather, "[i]t is well settled in this Circuit that the entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma*

2

*Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)).

Once a party has defaulted, the "consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir.1990) (citing 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure, § 2688 at 444 (2d ed. 1983)). An entry of default judgment requires that the Court determine whether a sufficient cause of action has been stated "since a party in default does not admit mere conclusions of law." *Chanel, Inc. v. Gordashevsky*, 558 F.Supp.2d 532, 535 (D.N.J. 2008). After a cause of action has been established, district courts must then determine whether the entry of default judgment would be proper by considering: (1) whether the party subject to default has a meritorious defense, (2) whether there is prejudice to the plaintiff if default judgment is denied, and (3) whether the default was due to the defendant's culpable conduct. *See Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *Hritz*, 732 F.2d at 1181.

A. Jurisdiction and Service

This Court has subject matter jurisdiction over this case as it presents a federal question under the Copyright Act. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1338(a). Moreover, the Court may exercise personal jurisdiction over the Defendants. Defendant Dipset is a New Jersey limited liability corporation with its principal place of business in New Jersey. *See* Compl. ¶ 15. Defendant Triangulo is a New Jersey limited liability corporation with its principal place of business in New Jersey. *See* Compl. ¶ 17. Lastly, Defendant Cam'ron is domiciled in New Jersey. *Id.* at ¶ 16. On July 13, 2023, this Court granted Plaintiff's motion for alternative service of process after finding Plaintiff engaged in diligent efforts in attempting to locate and serve Defendants. *See* ECF No. 5. Plaintiff was authorized to serve the Defendants via email with the associated Instagram and Facebook accounts, which Plaintiff did on August 8, 2023. *See* ECF Nos. 5-8.

B. Cause of Action Established

To succeed on a copyright infringement claim, a plaintiff must establish: "(1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work." *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002). "Copying refers to the acts of infringing any of the exclusive rights. . . as set forth at 17 U.S.C. § 106, 'including the rights to distribute and reproduce copyrighted material.'" *Key Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 207 (3d. Cir. 2005) (quoting *Ford Motor Co. v. Summit Motor Prods.*, 930 F.2d 277, 291 (3d Cir. 1991)). The well-pled factual allegations in Plaintiff's complaint favor entering default judgment against Defendants for copyright infringement. Specifically, Plaintiff sufficiently alleged ownership in the Photograph, *see* Compl. at ¶¶ 23-25; *see also* Cochran Decl. at ¶¶ 6-7. On November 28, 2022, Plaintiff obtained active and valid copyright registration (No. VA 2-331-926) from the USCO for the Photograph of Defendant Cam'ron. *Id.* at ¶¶ 21, 25. Plaintiff also sufficiently alleged Defendants infringed upon Plaintiff's copyright in the Photograph by reproducing and displaying the Photograph on their Instagram and Facebook accounts as well as merchandise

listings. *See id.* at ¶¶ 38-41; *see also* Compl., Ex. 1-2. Similarly, Defendants are not licensed or otherwise authorized to reproduce, distribute, or use the Photograph. *See id.* at ¶ 42; *see also* Cochran Decl. at ¶ 27. As such, Plaintiff has set forth a prima facie case of copyright infringement.

### C. Whether The Entry of Default Judgment Would Be Proper

Defendants have no meritorious defense based on the limited record before the Court. *See e.g.*, *Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, 2011 U.S. Dist. LEXIS 115142 at *4 (D.N.J. Oct. 5, 2011) (finding no meritorious defense where court could not determine its existence since defendant did not respond). Defendants were properly served on August 8, 2023, and failed to appear, defend, or otherwise respond to the complaint. *See* ECF Nos. 5-8. Plaintiff is clearly prejudiced by Defendants' failure to respond as it has been prevented from prosecuting its case and seeking relief. *See Gowan v. Cont'l Airlines, Inc.*, 2012 U.S. Dist. LEXIS 95135, at *2 (D.N.J. Jul. 9, 2012) ("[Plaintiff will suffer prejudice if the Court does not enter default judgment as Plaintiff has no other means of seeking damages for the harm caused by Defendant.").

Similarly, absent any evidence to the contrary, "the Defendant's failure to answer evinces the Defendant's culpability in default." *Teamsters Pension Fund of Philadelphia*, 2011 U.S. Dist. LEXIS 115142 at *4. In this case, there is nothing before the Court to show that Defendants' failure to respond was not willfully negligent. *See id.* (citing *Prudential Ins. Co. of America v. Taylor*, 2009 U.S. Dist. LEXIS 16531 at *1 (D.N.J. Feb. 27, 2009)) (finding that when there is no evidence that the defendant's failure to answer the complaint was due to something other than its own willful negligence, the defendant's conduct is culpable and default judgment is warranted). Accordingly, the Court will enter default judgment against Defendants as to liability.

### D. Relief

#### 1. Injunctive

Plaintiff seeks both injunctive relief and damages. With respect to injunctive relief, Plaintiff seeks "an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works." A district court is permitted to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). "In deciding whether to grant a permanent injunction, the district court must consider whether: (1) the moving party has shown actual success on the merits; (2) the moving party will be irreparably injured by the denial of injunctive relief; (3) the granting of the permanent injunction will result in even greater harm to the defendant; and (4) the injunction would be in the public interest." *Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001).

The first factor weighs in favor of Plaintiff as Plaintiff has pled sufficient facts to support default judgment on its copyright infringement claims. The second factor—whether Plaintiff will be irreparably injured by the denial of injunctive relief—also weighs in favor of Plaintiff because there is sufficient evidence establishing that Defendants have ignored warnings that they were infringing on copyrighted material. It is therefore likely that

Defendants will continue to violate Plaintiff's copyright in the future. *See Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1254 (3d Cir.1983) ("[A] a showing of a prima facie case of copyright infringement or reasonable likelihood of success on the merits raises a presumption of irreparable harm."). The third factor weighs in favor Plaintiff because the Court has no basis to conclude that Defendants will be further harmed by an injunction in that there is no evidence of cognizable harm, and an injunction will only prohibit Defendants from further violating copyright law. Finally, the fourth factor weighs in favor of Plaintiff. The third Circuit has noted that "it is virtually axiomatic that the public interest can only be served by upholding copyright protections and, correspondingly, preventing the misappropriation of the skills, creative energies, and resources which are invested in the protected work." *Id.* at 1255. Because all factors weigh in favor of Plaintiff, injunctive relief will be granted.

### 2. Damages

Plaintiff seeks statutory damages for Defendants' violations, instead of actual damages and profits. Plaintiff alleges Defendants' infringement was committed willfully and therefore the Court should award statutory damages in the amount of $57,900.00 (ten times the licensing fee from Getty Images). Plaintiff argues that the actual damage award Plaintiff would be entitled to could be far higher than the statutory award, but because Defendants have failed to take part in this litigation, the actual sales data has not been made available to Plaintiff. Under 17 U.S.C. § 504(c), a plaintiff may "recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work . . . a sum not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). If the infringement was committed willfully, the court "may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). Courts within the Third Circuit have held that "copyright infringement may be considered willful when a [d]efendant defaults and decides not to defend against the action." *Malibu Media, LLC v. Flanagan*, Civ. A. No. 2:13-CV-5890, 2014 WL 2957701, at *3 (E.D. Pa. July 1, 2014) (citing *Sony Music Entertainment v. Cassette Production, Inc.*, Civ. A. No. 92-4494, 1996 WL 673158, at *5 (D.N.J. Sept. 30, 1995)).

The Court finds that the usage of Getty Images' licensing fee of $5,790.00 is an appropriate marker to calculate statutory damages. However, the Court finds that a statutory damages award of seven times the licensing fee is sufficient to compensate Plaintiff for the infringement of her copyright and to deter future infringements by punishing the Defendants. Accordingly, Plaintiff is entitled to default judgment in the amount of $40,530.00.

### 3. Attorneys' Fees

Plaintiff also seeks recovery of costs and attorneys' fees under 17 U.S.C. § 505. Plaintiff has submitted documentation of $779.00 in costs that it has incurred in relation to this action—specifically $402.00 for filing fees and $377.00 for service of process. Plaintiff similarly submitted timesheets from their attorneys for a total of 22 hours (9.7 hours for a paralegal, 9.6 hours for Ms. Jaymie Sabilia-Heffert, and 2.7 hours for Mr. Sanders). Plaintiff's proposed hourly rate for Mr. Sanders is $750, for Ms. Jaymie Sabilia-Heffert is $500, and for the paralegal $150. The Court finds that both the hourly rates and the time expended are

reasonable given the experiences of the attorneys as well as the motion practice required in this action. Accordingly, Plaintiff is entitled to $10,691.50, comprising of $9,912.50 in attorneys' fees and $779.00 in costs.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment is **GRANTED**. Judgment shall be entered against Defendants, jointly and severally, for damages in the amount of $40,530.00 and attorneys' fees and costs in the amount of $10,691.50.

An appropriate Order shall follow.

_____
WILLIAM J. MARTINI, U.S.D.J.

Date: February 15, 2024